**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52178**

| | |
|---|---|
| STATE OF IDAHO,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>CHENOA NICOLE BRONSON,<br><br>  Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Filed: July 30, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for battery against a healthcare worker, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

_____

TRIBE, Chief Judge

Chenoa Nicole Bronson appeals from her judgment of conviction for battery against a healthcare worker. Bronson argues the district court erred by allowing the State to introduce character evidence in violation of Idaho Rule of Evidence 404(b). We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Bronson was a patient at a behavioral health facility where she had been placed on an involuntary mental health hold. During her stay, Bronson was involved in an incident with two behavioral health technicians, during which she kicked one technician (first technician) and punched another technician (second technician) while they were performing their duties. Consequently, the State charged Bronson with two counts of battery against a healthcare

1

worker. The State also alleged that Bronson is a persistent violator of the law. Bronson pled not guilty, and the case proceeded to a jury trial.

Before trial, the State filed a notice of intent to introduce evidence under I.R.E. 404(b). Pertinent to the issues on appeal, the evidence included statements Bronson made to the first technician, who is the victim of the charged battery for which Bronson was ultimately convicted. The State alleged that Bronson asked the first technician how Bronson could leave the facility, and the first technician told Bronson that, in addition to being discharged by her doctor or her hold being dismissed, she could "catch a felony." In response, Bronson indicated she planned to commit a felony. The State argued Bronson's statements were admissible to prove motive, intent, preparation, plan, and/or absence of mistake or accident. Bronson objected, arguing the evidence was irrelevant, was unfairly prejudicial, could confuse the issues, or could mislead the jury. After a hearing, the district court ruled that testimony regarding Bronson's statements and her desire to leave the facility were admissible as evidence of her intent or plan.

At trial, the first technician testified that Bronson had been at the facility for approximately one week and repeatedly asked how she could leave. The first technician also testified that, in response to her comment about committing a felony to leave the facility, Bronson indicated she would rather be in prison than in the facility. The first technician further testified that, on the day of the incident, Bronson became upset after visitation; demanded an injection of medication; and, after being told she would receive only oral medication, jumped onto the nurse's station counter. As staff attempted to restrain Bronson, she kicked the first technician in the head and face.

The second technician testified that Bronson expressed a desire to leave the facility on multiple occasions. The second technician also testified that, during the incident, Bronson struck the second technician on the cheek with a fist. The responding police officer testified that he reviewed surveillance video and found the video consistent with the accounts provided by the first and second technicians. The officer also testified that Bronson asked whether she was being arrested for a misdemeanor or a felony and later stated her goal was to end up in a state mental hospital.

Bronson was found guilty of battery against a healthcare worker (Idaho Code §§ 18-915C, -903) of the first technician, but the jury was unable to reach a verdict on the charge

2

involving the second technician. Bronson also admitted to being a persistent violator of the law (I.C. § 19-2514). Bronson timely appeals.

## II.

## STANDARD OF REVIEW

The trial court has broad discretion in determining the admissibility of testimonial evidence. *State v. Smith*, 117 Idaho 225, 232, 786 P.2d 1127, 1134 (1990). A decision to admit or deny such evidence will not be disturbed on appeal absent a clear showing of abuse of that discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

On appeal, Bronson argues the district court erred by permitting evidence of her statements made to the first technician prior to the battery under I.R.E. 404(b). Specifically, Bronson asserts that the State failed to demonstrate that the statements were relevant for a permissible nonpropensity purpose. Bronson further contends that, even if her statements were relevant, their probative value was outweighed by the danger of unfair prejudice. The State responds that the district court did not err but, even if it did, any error was harmless.

As a preliminary matter, the challenged statements at issue in this case appear to be intrinsic to the charged offenses. As we recently explained, evidence is intrinsic when it and evidence of the crime charged are inextricably intertwined, both acts are part of a single criminal episode, or it was a necessary preliminary to the crime charged. *See State v. Hanning*, 177 Idaho 63, 67, 584 P.3d 63, 67 (Ct. App. 2026). In *Hanning*, we concluded that the defendant's statements made toward law enforcement leading up to the incident giving rise to criminal charges were interconnected such that they provided necessary background to the charges and did not implicate I.R.E. 404(b). *Hanning*, 177 Idaho at 67-68, 584 P.3d at 67-68. Nevertheless, we will assess the

3

admissibility of the statements using I.R.E. 404(b)'s framework since it informs the relevance of the evidence and includes an evaluation under I.R.E. 403.

The district court concluded that the first technician's testimony regarding Bronson's statements about the manner in which she could leave the facility and that her generally expressing a desire to leave the facility was admissible as relevant to establish an intent or plan, both of which are permissible purposes pursuant to I.R.E. 404(b).

## A.     Relevance

Bronson first argues the district court erred in admitting the testimony of the first technician because the State failed to demonstrate that Bronson's statements to the first technician were relevant to prove an intent or plan. Bronson contends her statements were not relevant to prove intent because she never stated she would batter staff in order to leave the facility. Bronson similarly asserts her statements did not establish that she had a plan since no statements or conduct linked her alleged desire to leave the facility to the commission of a battery.

Evidence that is relevant to a material and disputed issue concerning the crime charged is generally admissible. *State v. Garcia*, 166 Idaho 661, 670-71, 462 P.3d 1125, 1134-35 (2020). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. I.R.E. 401; *Garcia*, 166 Idaho at 670, 462 P.3d at 1134. Whether a fact is of consequence or material is determined by its relationship to the legal theories presented by the parties. *State v. Johnson*, 148 Idaho 664, 671, 227 P.3d 918, 925 (2010).

In this case, the State's theory was that Bronson intended to injure healthcare personnel to violate the law and thereby secure her release from the involuntary hold at the facility. Consistent with that theory, Bronson's statements expressing a desire to leave the facility, along with her inquiries about how to do so, were probative of her intent or plan to take action that would result in her discharge. Although Bronson correctly notes that a general desire to leave an involuntary hold does not, by itself, establish an intent to commit a crime, such statements nonetheless make it more probable that her actions in striking facility personnel were purposeful rather than accidental. Therefore, the district court did not err in admitting the first technician's testimony as relevant to show Bronson's intent or plan.

4

**B.    Prejudice**

Bronson argues that the danger of unfair prejudice, confusing the issues, and misleading the jury substantially outweighed any marginal probative value of the admitted testimony of her statements because "the evidence invited inordinate appeal to lines of reasoning outside of the evidence." The State responds that Bronson failed to preserve this argument because she did not assert below that the district court erred by failing to conduct an I.R.E. 403 balancing analysis.

Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. I.R.E. 403. The trial court must measure the probative worth of the proffered evidence by focusing on the degree of relevance, its materiality, and its need to be introduced on the issue. *State v. Jones*, 167 Idaho 353, 360, 470 P.3d 1162, 1169 (2020). The trial court must also consider whether the evidence will be given undue weight resulting in an inequity or some illegitimate persuasion amounting to unfair prejudice. *Id.* The trial court may use its discretion to properly admit or exclude the proffered evidence after weighing its probative value against the risk of unfair prejudice. *Id.* at 360-61, 470 P.3d at 1169-70. A trial court's determination under I.R.E. 403 will not be disturbed on appeal unless it is shown to be an abuse of discretion. *State v. Enno*, 119 Idaho 392, 406, 807 P.2d 610, 624 (1991); *State v. Clark*, 115 Idaho 1056, 1059, 772 P.2d 263, 266 (Ct. App. 1989).

The probative force of the uncontested evidence was significant in establishing guilt beyond a reasonable doubt. The first technician testified that, leading up to the battery on her, Bronson jumped onto the nurse's station counter. The first technician then went to physically subdue Bronson. In the process, Bronson kicked the first technician in the head and face. The State introduced a facility surveillance video in which Bronson could be seen flailing her arms and legs while facility personnel tried to restrain her after she jumped onto the nurse's station counter. The State presented extensive evidence of Bronson's intent or plan to leave the facility by any means necessary, including committing a felony. The second technician testified that Bronson repeatedly expressed a desire to be discharged from the facility. The responding officer also testified that Bronson, unprompted, revealed that her goal was to leave the facility for a state mental hospital. Therefore, this Court concludes that Bronson's statements to the first technician were not unfairly prejudicial pursuant to I.R.E. 403 and the first technician's testimony was properly admitted at trial.

**IV.**

**CONCLUSION**

The district court did not err in admitting the first technician's testimony regarding Bronson's statements. Accordingly, Bronson's judgment of conviction for battery against a healthcare worker is affirmed.

Judge LORELLO and Judge FLEMING, **CONCUR**.